SIMON B. FLEISHER

*v.*

WEST JERSEY SECURITIES COMPANY, etc., et al.

[Submitted October 15th, 1914. Determined November 21st, 1914.]

1. Secret profits made by directors of a corporation by wrongfully causing it to purchase securities in which they were personally interested, must be recovered by the corporation or by stockholders in its behalf, the stockholders having no estate, legal or equitable, in the corporate property wrongfully diverted from the company.

2. Under Corporation act (*P. L. 1896 p. 286 § 30*), as amended by *P. L. 1904 p. 275*, providing that the directors of a corporation shall not make dividends except from surplus or net profits, nor divide or pay to the stockholders any part of the capital stock, and that, in case of any willful or negligent violation thereof, the directors shall be liable to the stockholders to the full amount of any loss sustained by the stockholders, a stockholder's action against directors for declaring dividends out of the capital of the corporation is not an action on behalf of the corpora-

tion, and cannot be joined with a suit in behalf of the corporation to recover secret profits made by directors on a sale to the corporation of securities in which they were personally interested, assuming that the action may be maintained in a court of chancery.

3. Since the amendment of Corporation act (P. L. 1896 p. 286 § 30) by P. L. 1904 p. 275, a corporation has no remedy against directors for declaring dividends out of the capital of the corporation.

---

On bill to compel directors of a corporation to account for secret profits and for dividends unlawfully declared. On hearing on demurrer to the bill.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Messrs. Godfrey & Godfrey,* for the defendant.

LEAMING, V. C.

The bill filed herein has been demurred to as multifarious. By the bill recovery is sought from the defendant directors of defendant corporation for two classes of items. One class comprises secret profits which the directors are alleged to have made by wrongfully causing defendant company to purchase certain securities in which defendant directors were personally interested. It is obvious that the primary injury resulting from conduct of that nature is to the defendant corporation. As a stockholder has no estate, legal or equitable, in the corporate property which has been wrongfully diverted from the treasury of the company, any suit for recovery of the loss must be brought by the injured corporation, or by a stockholder or stockholders in its behalf. The other class of items comprises dividends which it is alleged that defendant directors willfully declared and paid out of the capital of defendant corporation. The demurrer to the bill includes the charge of multifariousness, and it is accordingly urged that any right of action against the directors for injuries resulting from these wrongfully-declared dividends is in the stockholders, severally and personally, for injury to their stock and cannot be united with or included in a suit brought in behalf of the corporation against its directors for unlawful secret profits.

Under the provisions of the thirtieth section of our Corporation act (*P. L. 1896 p. 286*), as that section existed prior to its amendment by *P. L. 1904 p. 275*, an action was expressly given to a corporation against its directors for the recovery of dividends paid out of capital. *Appleton* v. *American Malting Co., 65 N. J. Eq. 375.* But the amendment of 1904 changed that section in such manner that it was made to apply only to willful or negligent violations of the section and gave the right of action

"to the stockholders of such corporation, severally and respectively, to the full amount of any loss sustained by such stockholders, or in case of insolvency to the corporation or its receiver to the full amount of any loss sustained by the corporation."

Under that section, before its amendment, no doubt existed touching the jurisdiction of this court to enforce the remedy there given, for the action was by the corporation as a *cestui que trust* against its directors as its trustees to recover a statutory measure of liability for breach of trust duties; and if brought by a stockholder in behalf of the corporation, *ex necessitate rei,* the aid of this court was peculiarly necessary. But it is not so clear that the several action given to a stockholder by the amended section for the recovery of the amount of any loss sustained by such stockholder falls within the jurisdiction of this court. But assuming that the statutory action by a stockholder under the 1904 amendment may be maintained in this court, it is entirely clear that the action is purely personal to the stockholder and in no sense in behalf of the corporation, and is an action in which the corporation is wholly without interest. The present bill, therefore, joins a suit against the directors in behalf of the corporation for the recovery of secret profits with one brought by a stockholder in his own behalf to recover from directors damages sustained by him by reason of injury to his stock through the payment of unlawful dividends. It happens that the two stockholders who bring the suit in behalf of the corporation for its recovery of secret profits are the same two stockholders who seek to recover in their own behalf for losses sustained by them personally as stockholders, but the situation pre-

sented is necessarily the same as though the corporation had sued in its own behalf for the recovery of secret profits and had joined as co-complainants two stockholders who sought to recover for the losses suffered to their stock by reason of unlawful dividends. The extreme flexibility of equitable procedure would no doubt enable a decree to be framed awarding to each of the three several complainants compensation for the injuries suffered by each, but that circumstance can afford no adequate justification for joining either parties or causes of action, which are wholly unrelated. I am convinced that the statutory claim of a stockholder of a corporation against its directors under section 30 of the Corporation act, as amended, and the claim of the same corporation against the same directors arising by reason of secret profits made by the directors in buying for the corporation property in which they were personally interested, must be regarded as several, distinct and unrelated causes of action which can neither conveniently nor appropriately be joined.

It is, however, urged in behalf of complainants that recovery can be had by or in behalf of the corporation for losses which the corporation has sustained by reason of the payment of unlawful dividends. That action was given by the thirtieth section of the Corporation act before it was amended; since the amendment of 1904 that action no longer exists in favor of the corporation as a statutory remedy. The contention now is that it exists independently of any statute. On general equitable principles it would seem that in the absence of any statute on the subject the members of a board of directors of a corporation would be answerable to the corporation represented by them for any losses suffered by the corporation through the willful declaration of a dividend by the board out of capital contrary to law, but an exhaustive review of the authorities as disclosed in the opinion filed for this court in *Siegman* v. *Maloney, 63 N. J. Eq. 422,* discovered no well-recognized remedy of that nature except in suits brought in behalf of creditors of the injured corporation. The measure of liability which was given by our statute before the amendment of 1904 was the full amount of the dividends so paid. The effect of that act, as has been pointed out in the sev-

eral cases heard under it, was to restore to the corporation the amount that its capital had been impaired and also leave a similar amount in the pockets of its stockholders. Unless the penalized directors should be given an action over in their own behalf against the several stockholders who had received the unlawful dividends, such stockholders would clearly profit by the transaction to an unwarranted degree. In the absence of any statute it seems practically impossible to determine a measure of liability which would be wholly equitable, for whatever amount should be ordered paid by the directors to the corporation would necessarily enure to the benefit of the stockholders who had received the unlawful dividends, except to the extent that changes in stock holdings had intervened. It may, indeed, be forcefully suggested as doubtful whether any remedy could be equitably administered by the requirement of payment of money to the corporation by the erring board. It is not improbable that these considerations may have occasioned the amendment of 1904 which removed the statutory remedy from the corporation to the individual stockholders and fixed the liability of the directors as the amount of loss suffered by the several stockholders. It will also be observed that if a liability to the corporation still exists the directors are subjected to the danger of double liability. In view of these circumstances, I am convinced that the legislative determination of a measure of liability, and the declaration of a remedy to the stockholders for its enforcement, must be regarded as superseding any equitable remedy in behalf of the corporation which may have existed prior to that legislation.

I will advise a decree allowing the demurrer.